```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Long Shores Lot Owners
Association Inc.

    v.                                Civil No. 20-cv-196-LM
                                        Opinion No. 2020 DNH 117
Vance Dubuclet


**O R D E R**

Plaintiff Long Shores Lot Owners Association Inc. (the "Association") filed this action against pro se defendant Vance Dubuclet in the Strafford County Circuit Court as a small claims action to collect unpaid real estate owners' association dues. The action proceeded to judgment against Dubuclet, and Dubuclet unsuccessfully appealed to the New Hampshire Supreme Court. Dubuclet subsequently removed the action to this court. For the reasons set forth below, the court remands the Association's action sua sponte to the Strafford County Circuit Court.


**BACKGROUND**

Neither party's filings are models of clarity, and some of the material facts are difficult to determine with certainty. It is possible, however, to glean from the record a partial history of this action's pre-removal proceedings. The recital that follows is drawn from the exhibits attached to Dubuclet's

Notice of Removal, doc. no. 1-1, the statements Dubuclet made in ostensible support of removal, doc. no. 1, and the statements the Association offered in support of its pending motion to dismiss, doc. no. 8.

In or around September 2018, the Association initiated these proceedings as a small claims action in the Strafford County Circuit Court.  Although the Association's complaint is not in this court's record, its gravamen appears to have been that Dubuclet, as owner of a lot in Barrington, New Hampshire, owed an "Annual Mandatory Road Maintenance Fee" (at times characterized as membership dues) that he had not paid for "many years."  Doc. no. 1-1 at 17.  Dubuclet made appearances in the Association's small claims action, including filing at least two motions either styled or construed by the state court as motions to dismiss.  In March 2019, the court granted default judgment in the Association's favor, apparently as a sanction for Dubuclet's intentional delay of proceedings.[1]  The court awarded the Association damages in the amount of $3,148.35.

---

[1]  Dubuclet's dilatory conduct apparently included, among other things, intentional failure to appear at a telephonic hearing that had been scheduled specifically to accommodate his convenience.  Dubuclet was subsequently given the opportunity to show good cause why default should not have been entered, but apparently declined to make any attempt to do so.

Dubuclet appealed the judgment to the New Hampshire Supreme Court. In May 2019, the New Hampshire Supreme Court dismissed the appeal. Dubuclet nevertheless refused to pay the judgment.

The Association filed a motion to enforce the judgment with the Strafford County Circuit Court. The court construed the Association's motion as a motion for periodic payments, set a hearing on the motion for January 16, 2020, and directed Dubuclet to provide a statement of his assets and liabilities in advance of the hearing. Dubuclet neither provided the requested information nor appeared at the hearing.

Effective February 3, 2020,[2] Dubuclet removed the Association's action to this court.[3] Although he was required to do so under the removal statute, see 28 U.S.C. § 1446(a), Dubuclet did not submit a copy of the Association's complaint (or any other pleading) in support of his Notice of Removal. As a result, there is no pleading in this court's docket asserting any claim.

---

[2] Dubuclet's Notice of Removal was signed and dated as of January 24 but not filed until February 3, 2020.

[3] It appears from the parties' filings that, at the time Dubuclet removed this case, the Strafford County court had not resolved the Association's motion for periodic payments. However, it is not clear whether the Strafford County court considered the matter closed, whether it would have rescheduled the hearing if allowed the opportunity to do so, or whether an order resolving the motion would have been forthcoming had Dubuclet not removed this action when he did.

In the course of the sixteen-page, single-spaced narrative that he offers in support of removal, Dubuclet expressly asserts that neither this court nor the Strafford County Circuit Court can properly exercise either personal jurisdiction over him or subject-matter jurisdiction over this action.  Doc. no. 1 at 2.  While these assertions might seem calculated to foreclose the removal they are ostensibly intended to support, he also asserts that "[t]his is a claim arising under the Constitution, Laws or Treaties of the United States, which is fraudulent, but is being enforced by [the Strafford County Circuit Court]."  Doc. no. 1 at 4.  In addition, Dubuclet asserts the existence of a conspiracy among the Association and various third parties (among them the Strafford County Circuit Court and all of the Justices of the New Hampshire Supreme Court) to deprive him of various federally protected civil rights.  Apparently on the basis of either the purported federal nature of the Association's claim and/or the Association's purported conspiracy to violate his civil rights (or both), Dubuclet suggests that this court may properly exercise federal-question jurisdiction over the Association's action.

**DISCUSSION**

Where, as here, an action was filed originally in state court and subsequently removed to federal court, the federal court must remand the action if at any time it determines that it lacks subject-matter jurisdiction. See 28 U.S.C. § 1447(c). At first-pass analysis, this action does not appear to present a case or controversy over which the court could even potentially exercise jurisdiction. As noted, there is no pleading stating any claim in the court's docket, and it is apparent that the only claim ever asserted in the course of proceedings before the Strafford County court has already been resolved by judgment.

Setting that question aside, it is clear that this court could not properly exercise subject-matter jurisdiction over the Association's claim even if it had not already proceeded to judgment. Nothing in the record suggests that the Association's claim for unpaid dues was brought under or raises any question of federal law. See 28 U.S.C. § 1331. While it is possible that Dubuclet may believe that he could have raised federal defenses to the Association's claim before it proceeded to judgment (it does not appear that he did so), it is well settled that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986) (citing Louisville &

Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)).  Similarly, while it is possible that Dubuclet may believe that he could have pled federal or constitutional counterclaims against the Association prior to removal (it does not appear that he did so), it is equally well settled that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987), and that federal jurisdiction cannot "rest upon an actual or anticipated counterclaim," Vaden v. Discover Bank, 556 U.S. 49, 60 (2009), see also Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989).

    It follows that this court lacks federal-question jurisdiction over this action.  Dubuclet does not assert that this court can properly exercise any other form of subject-matter jurisdiction, and it is in any event clear that diversity jurisdiction is absent here.  See 28 U.S.C. § 1332(a) (diversity jurisdiction requires that "the matter in controversy exceed[] the sum or value of $75,000").  In the absence of federal subject-matter jurisdiction, remand is required under Section 1447(c).

**CONCLUSION**

For the reasons discussed above, this action is remanded to the Strafford County Circuit Court. All pending motions are denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 9, 2020

cc: Philip L. Pettis, Esq.
    Vance Dubuclet, pro se